Elliott H. Stone, Esq. (SBN 264569)
    ehstone@loehs.com
Stuart E. Cohen, Esq. (SBN 213810)
    secohen@loehs.com
**LAW OFFICES OF ELLIOTT H. STONE**
20750 Ventura Blvd., Ste 220
Woodland Hills, California 91364
Telephone: (818) 854-3600
Facsimile:  (818) 854-3601

Attorney for Plaintiff ELLIOTT STONE

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

# WESTERN DIVISION

| | |
|---|---|
| ELLIOTT STONE, an individual, | Case No.: 2:19-cv-433 |
| Plaintiff, | **VERIFIED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF** |
| v. | |
| CLAUDIA NUNO, an individual, DIVERSIFIED ACCEPTANCE CORPORATION d/b/a M. LEONARD & ASSOCIATES; ROBERT ALLAN GROSSMAN, an individual; GROSSMAN & GROSSMAN MD, a California corporation, and DOES 1 to 50, inclusive, | **JURY TRIAL DEMANDED** |
| Defendants. | |

Plaintiff alleges as follows:

## PRELIMINARY STATEMENT

1.      This action arises out of Defendants' multiple and numerous violations of
the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 *et seq.* ("FDCPA"),
California Rosenthal Fair Debt Collection Practices Act, California Civil Code §§
1788-1788.32 ("Rosenthal Act") and the Fair Credit Reporting Act, 15 U.S.C. 1681 *et
seq.* (the "FCRA").

1

## Background On The Fair Debt Collection Practices Act

2.      In enacting the Fair Debt Collection Practices Act (hereinafter "FDCPA"), in the 1970's the United States Congress made findings of fact that the use of abusive, deceptive, and unfair debt collection practices by many debt collectors were contributing to a number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy.  See 15 U.S.C. § 1692(a). Congress further found that existing laws and procedures for redressing these injuries are inadequate to protect consumers. *See* 15 U.S.C. § 1692(b). Additionally, Congress found abusive debt collection practices were carried on to a substantial extent in interstate commerce and through means and instrumentalities of such commerce. Even where abusive debt collection practices are purely intrastate in character, they nevertheless directly affect interstate commerce. *See* 15 U.S.C. § 1692(d). Congress' stated its purpose in enacting the FDCPA was to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

## United States Bureau Of Consumer Financial Protection (CFPB) Finds Illegal Debt Collection Equally Harmful To Both Consumers and "Law Abiding" Debt Collectors.

3.      In October of 2012, the United States Bureau of Consumer Financial Protection, or CFPB, made findings that debt collection is a multi-billion-dollar industry that directly affects a large number of consumers.   The CFPB found that in 2012, approximately 30 million individuals, or 14 percent of American adults who have credit reports, had debt that was subject to the collections process.  The CFPB further found that by the collection of consumer debt, collectors reduce creditors' losses from non-repayment and thereby help to keep credit accessible and more affordable to consumers.  But, the CFPB found that debt collection performed in illegal ways has the potential to cause consumers substantial harm.   If collectors

2

VERIFIED COMPLAINT                                        Case No.

falsely represent amounts owed, consumers may pay debts they do not owe simply to stop collection efforts or because they are unsure how much they owe. In addition, consumers may unintentionally yield their rights, such as by waiving the statute of limitations on debt claims for which the relevant limit periods have expired. Whether or not consumers owe and are liable for the debts collectors are attempting to recover, unlawful collection practices can cause significant reputational damage, invade personal privacy, and inflict emotional distress. Among the possible consequences, a collector's inappropriate interference with a consumer's employment relationships can also impair the consumer's ability to repay debts. *See* Rules and Regulations of the Bureau of Consumer Financial Protection, Summary of the Final Rule. 12 CFR Part 1090.

4.      The CFPB further noted how Federal consumer financial protection laws, like the FDCPA, promote fair competition in the debt collection marketplace. To the extent that unfair, deceptive, or abusive practices increase collectors' rate of recovery on debts subject to collection, debt collectors that avoid such illegal practices could be at a competitive disadvantage. By placing important parameters on debt collection activities, the FDCPA was meant, in part, to ensure that those that refrain from improper practices in debt collection are not thereby competitively disadvantaged. *See* Footnote 26 to Rules and Regulations of the Bureau of Consumer Financial Protection, Summary of the Final Rule, 12 CFR § 1090.

### **Background On The Fair Credit Reporting Act**

5.      In the preamble of the Fair Credit Reporting Act (hereinafter the "FCRA"), found at 15 U.S.C. § 1681, Congress made certain findings regarding the crucial necessity of accurate consumer credit reporting. These findings included: (1) The banking system is dependent upon fair and accurate credit reporting. Inaccurate credit reports directly impair the efficiency of the banking system, and unfair credit reporting methods undermine the public confidence which is essential to the continued functioning of the banking system and unfair credit reporting methods undermine the

VERIFIED COMPLAINT                                                    Case No.

public confidence which is essential to the continued functioning of the banking system. (2) An elaborate mechanism has been developed for investigating and evaluating the credit worthiness, credit standing, credit capacity, character, and general reputation of consumers. (3) Consumer reporting agencies have assumed a vital role in assembling and evaluating consumer credit and other information on consumers. (4) There is a need to insure that consumer reporting agencies exercise their grave responsibilities with fairness, impartiality, and a respect for the consumer's right to privacy. In addition, Congress found that it is the purpose of [the Fair Credit Reporting Act] to require that consumer reporting agencies, and those entities that furnish information to them, adopt reasonable procedures for meeting the needs of commerce for consumer credit, personnel, insurance, and other information in a manner which is fair and equitable to the consumer, with regard to the confidentiality, accuracy, relevancy, and proper utilization of such information in accordance with the requirements of this subchapter.

6.    This case seeks redress for the unlawful conduct of Defendants in willfully and/or negligently maintaining and/or furnishing inaccurate information on Plaintiff's consumer credit file.

## JURISDICTION AND VENUE

7.    This Court has original jurisdiction pursuant to 28 U.S.C. § 1331, and 15 U.S.C. §§ 1681 and 1692k(d), because this action alleges claims pursuant to the FCRA and FDCPA, and supplemental jurisdiction over the pendent state law claims pursuant to 28 U.S.C. § 1367, which are predicated upon the same facts and circumstances that give rise to Plaintiff's federal claims.

8.    Venue is proper in the Central District of California, because Plaintiff resides here, all defendants transact business here, and a substantial part of the events or omissions which give rise to the claims asserted herein occurred here.

## PARTIES

9.    Plaintiff ELLIOTT STONE, is a natural person and a "consumer" as that

VERIFIED COMPLAINT                                                        Case No.

term is defined under 15 U.S.C. §§ 1681a(c) and 1692a(3), and a "debtor" as that term is defined under Cal. Civ. Code § 1788.2(h), (hereinafter "Plaintiff").

10.     Defendant CLAUDIA NUNO is an individual, and a "debt collector" as that term is defined under 15 U.S.C. §1692(a)(6), and a "person" as that term is defined under 15 U.S.C. §1681a(b) (hereinafter "NUNO").

11.     Defendant DIVERSIFIED ACCEPTANCE CORPORATION d/b/a M. LEONARD & ASSOCIATES, is a California corporation and is a "debt collector" as that term is defined under 15 U.S.C. §1692(a)(6), and a "person" as that term is defined under 15 U.S.C. §1681a(b) (hereinafter "DIVERSIFIED").

12.     Defendant ROBERT ALLAN GROSSMAN, is an individual and a "debt collector" as that term is defined under 15 U.S.C. §1692(a)(6), and a "person" as that term is defined under 15 U.S.C. §1681a(b).

13.     Defendant GROSSMAN & GROSSMAN MD, is a California corporation and a "debt collector" as that term is defined under 15 U.S.C. §1692(a)(6), and a "person" as that term is defined under 15 U.S.C. §1681a(b).

14.     Defendants ROBERT ALLAN GROSSMAN and GROSSMAN & GROSSMAN MD, shall collectively be referred to as the Grossman Parties.

15.     Defendants, and each of them, and Does 1-50, routinely use an instrumentality of interstate commerce or the mails in a business the principal purpose of which is the collection of debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another and are therefore debt collectors as that phrase is defined by 15 U.S.C. § 1692a(6).

16.     Plaintiff is informed and believes, and thereupon allege that Defendants NUNO and DIVERSIFIED regularly acquire and/or collect debts after they are in default, and therefore are debt collectors as that term is defined by 15 U.S.C. §1692a(6).

17.     Defendants, and each of them, and Does 1-50, in the ordinary course of business, regularly, on behalf of himself, herself, or others, engage in debt collection

5

VERIFIED COMPLAINT                                                    Case No.

as that term is defined by California Civil Code § 1788.2(b), and are therefore debt collectors as that term is defined by California Civil Code § 1788.2(c).

18.    This case involves money, property or their equivalent, due or owing or alleged to be due or owing from a natural person by reason of a consumer credit transaction. As such, this action arises out of a "consumer debt" and "consumer credit" as those terms are defined by 15 U.S.C. §1692a(5) and Cal. Civ. Code § 1788.2(f).

19.    Based upon information and belief, and on that basis it is alleged, each Defendant sued herein, is and at all times was, the principal, agent, or employee of the other, and is and at all times was acting within the course and scope of such principal relationship, agency, or employment.  Further, each Defendant sued herein received money and or property from the other in consideration of, and as a result of, the conduct described herein and with full knowledge of the resulting damage and harm to Plaintiff and with full knowledge that the money and/or property was obtained as a result of the fraud, negligence, misrepresentation, and other wrongful and/or illegal conduct described herein. Each entity Defendant sued herein is a shell organization and is actually the alter ego of the other Defendants sued herein.

20.    The true names and capacities, whether individual, corporate, associate or otherwise of Defendants sued herein as DOES 1 through 50, inclusive, are currently unknown to Plaintiff, who therefore sue Defendants by such fictitious names and Plaintiff will seek to amend this Complaint to show their true names and capacities when the same have been ascertained. Plaintiff is informed and believes and based thereon allege, that each of the Defendants designated herein as a DOE is legally responsible in some manner for the events and happenings referred to herein and caused injury and damage proximately caused thereby to Plaintiff as alleged herein. Plaintiff is informed and believes that each DOE Defendant was responsible in some manner for the occurrences and injuries alleged in this Complaint.

VERIFIED COMPLAINT                                           Case No.

## **GENERAL ALLEGATIONS**

21.     During January of 2019, the Grossman Defendants, by and through
Defendants NUNO and DIVERSIFIED improperly attempted, and continue to
improperly attempt, to collect a debt from Plaintiff in violation of the FDCPA,
RFDCPA and have furnished, and continue to furnish, negative data concerning
Plaintiff to the national credit reporting agencies in violation of the FCRA, and did so
without prior notice to Plaintiff.

22.     The purported debt arises from a medical collection account originating
from defendant doctor ROBERT ALLAN GROSSMAN, an OBGYN. Plaintiff is a
man, and has never been a patient of Dr. Grossman as a patient.

23.     Shortly after learning of the improper collection account, Plaintiff
contacted the Grossman Parties who agreed to a settlement of the claims and
instructed NUNO and DIVERSIFIED to delete the collection from Plaintiff's credit
report.

24.     NUNO and DIVERSIFIED refused, and continue to refuse, to delete the
collection account from Plaintiff's credit report despite being instructed to do so by
the Grossman Parties.

25.     Further, Plaintiff made both a direct and credit-agency dispute of this
purported debt and collection account to Defendants NUNO and DIVERSIFIED, who
failed to comply with their legal obligations under the FDCPA, RFDCPA and FCRA
upon receipt of Plaintiff's dispute.

26.     During this period of time Plaintiff was in the middle of a home
financing transaction to purchase a new residence for his family.

27.     Plaintiff has suffered actual damages as a result of Defendants' illegal
debt collection and credit reporting conduct, in the form of nausea, sleeplessness,
hopelessness, anger, anxiety, emotional distress, fear, frustration, upset, humiliation,
embarrassment, and other negative emotions.

28.     All of the above-described collection activity directed to Plaintiff by the

7

Defendants other collection employees employed by Defendants, were made in violation of numerous and multiple provisions of the FDCPA, including but not limited to 15 U.S.C. §§ 1692b(2), 1692c(b), 1692d, 1692e(2), 1692e(5), 1692e(6), 1692e(8), 1692e(11), 1692e(12), 1692e(14), 1692f, 1692f(1), 1692g, 1692g(a)(1), 1692g(a)(2), 1692g(a)(3), 1692g(a)(4), 1692g(a)(5), and 1692g(b)(1), amongst others.

29.    Because the foregoing acts and omissions violated certain portions of the FDCPA, as incorporated by reference into the RFDCPAt pursuant to Cal. Civ. Code § 1788.17, the foregoing acts and omissions also violated the RFDCPA Act.

30.    In addition, all of the above-described credit reporting activity directed to Plaintiff's credit report by the NUNO and DIVERSIFIED defendants and those employed by Defendants, were made in violation of numerous and multiple provisions of the FCRA, including but not limited to 15 U.S.C. §§ 1681s-2(a)(1)(A), 1681s-2(a)(1)(B), 1681s-2(a)(2), 1681s-2(a)(3), §1681s-2(a)(6), 15 U.S.C. §1681s-2(b)(1), amongst others.

## FIRST CLAIM FOR RELIEF

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT (FDCPA)

Against the NUNO and DIVERSIFIED Defendants and Does 1-50

[15 U.S.C. §1692 *et seq.*]

31.    Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

32.    The foregoing acts and omissions of Defendants, and their agents, constitute numerous and multiple intentional and/or negligent violations of the FDCPA including, but not limited to, each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 *et seq.*, with respect to Plaintiff.

33.    As a direct and proximate result of each and every one of Defendants' violations of the FDCPA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C.

8

§ 1692k(a)(2)(A); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3), from each and every Defendant named herein.

## SECOND CLAIM FOR RELIEF

### VIOLATIONS OF THE CALIFORNIA ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT (ROSENTHAL ACT)

Against All Defendants and Does 1-50

[CAL. CIV. CODE §§ 1788 *et seq.*]

34.    Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

35.    The foregoing acts and omissions of all Defendants, and their agents, constitute numerous and multiple intentional and/or negligent violations of the Rosenthal Act, including but not limited to, each and every one of the above-cited provisions of the Rosenthal Act, Cal. Civ. Code §§ 1788-1788.32.

36.    As a direct and proximate result of each and every violation of the Rosenthal Act, Plaintiff is entitled to actual damages pursuant to Cal. Civ. Code § 1788.30(a); statutory damages in the amount of $1,000.00 pursuant to Cal. Civ. Code § 1788.30(b), plus an additional $1,000 for each of the FDCPA violations incorporated into the Rosenthal Act by virtue of Cal. Civ. Code §§ 1788.17 and 1788.32; as well as reasonable attorney's fees and costs pursuant to Cal. Civ. Code § 1788.30(c).

## THIRD CLAIM FOR RELIEF

### NEGLIGENT NONCOMPLIANCE WITH FCRA

Against the NUNO and DIVERSIFIED Defendants and does 1-50

[CAL. CIV. CODE §§ 1681 *et seq.*]

37.    Plaintiff realleges and incorporates by reference as though fully set forth herein all previous allegations contained in this Complaint.

38.    Defendants NUNO and DIVERSIFIED and their agents negligently

9

failed to comply with the foregoing provisions of the FCRA.

39.    As a direct and proximate result of each and every one of Defendants' violations of the FCRA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1681o(a)(1), and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1681o(a)(2), from each and every Defendant named herein.

## FOURTH CLAIM FOR RELIEF

### WILLFUL NONCOMPLIANCE WITH FCRA

Against NUNO and DIVERSIFIED and does 1-50

[CAL. CIV. CODE §§ 1681 *et seq.*]

40.    Plaintiff realleges and incorporates by reference as though fully set forth herein all previous allegations contained in this Complaint.

41.    Defendants NUNO and DIVERSIFIED willfully failed to comply with the requirements of FCRA.

42.    As a direct and proximate result of each and every one of Defendants' violations of the FCRA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1681n(a)(1), punitive damages pursuant to § 1681n(a)(2) and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1681n(a)(3), from each and every Defendant named herein.

## FIFTH CLAIM FOR RELIEF

### INVASION OF PRIVACY

### BY INTRUSION UPON SECLUSION AND REVELATION

### OF PRIVATE FINANCIAL FACTS TO THIRD PARTIES

Against All Defendants and Does 1-50

43.    Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

44.    Congress explicitly recognized a consumer's inherent right to privacy in collection matters in passing the Fair Debt Collection Practices Act, when Congress stated as part of its findings:

10

**Abusive debt collection practices** contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to **invasions of individual privacy**.

15 U.S.C. § 1692(a) (emphasis added)

45.    Congress further recognized a consumer's right to privacy in financial data in passing the Gramm Leech Bliley Act, which regulates the privacy of consumer financial data for a broad range of "financial institutions" including debt collectors albeit without a private right of action, when it stated as part of its purposes:

It is the policy of the Congress that **each financial institution has an affirmative and continuing obligation to respect the privacy of its customers** and to protect the security and confidentiality of those customers' nonpublic personal information.

15 U.S.C. § 6801(a) (emphasis added)

46.    The herein described conduct of defendants intentionally and/or negligently interfered, physically or otherwise, with the solitude, seclusion and or private concerns or affairs of Plaintiff, namely, by repeatedly and unlawfully attempting to collect a debt from Plaintiff using methods proscribed by law and thereby invading Plaintiff's privacy.

47.    Plaintiff had a reasonable expectation of privacy in Plaintiff's solitude, seclusion, private concerns or affairs, and private financial information.

48.    The conduct of Defendants and their agents, in engaging in the above described illegal collection conduct against Plaintiff, resulted in multiple intrusions and invasions of privacy by these Defendants which occurred in a way that would be highly offensive to a reasonable person in that position.

49.    As a result of such intrusions and invasions of privacy, Plaintiff is entitled to actual damages in an amount to be determined at trial from each Defendant.

///

///

///

VERIFIED COMPLAINT                                                              Case No.

# SIXTH CLAIM FOR RELIEF

## UNFAIR COMPETITION

[B&P 17200]

Against All Defendants and Does 1-50

50.    Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

51.    One or more of the above described improper acts on the part of the defendants constitute unfair and deceptive business acts and/or practices.

52.    Plaintiff is entitled to an order of disgorgement to all sums earned by defendants related to the improper conduct and an injunction enjoining the same.

# PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendants, jointly and severally, as follows:

**On the First Claim For Relief**

1.    An award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1), against each and every Defendant;

2.    An award of statutory damages of not less than $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A), against each and every Defendant;

3.    An award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. §1692k(a)(3), against each and every Defendant; and

4.    For such other and further relief as the Court may deem just and proper.

**On the Second Claim For Relief**

1.    An award of actual damages pursuant to Ca. Civ. Code § 1788.30(a), against each and every Defendant;

2.    An award of statutory damages of not less than $1,000.00 pursuant to Ca. Civ. Code § 1788.30(b), against each and every Defendant;

3.    An award stacking all federal FDCPA damages on top of these RFDCPA

12

1   claims pursuant to Ca. Civ. Code §1788.32, against each and every Defendant;

2       4.    An award of costs of litigation and reasonable attorney's fees pursuant to

3   Ca. Civ. Code § 1788.30(c), against each and every Defendant; and

4       5.    For such other and further relief as the Court may deem just and proper.

5   **On the Third Claim For Relief [FCRA]**

6       1.    An award of actual damages pursuant to 15 U.S.C. § 1681o(a)(1);

7       2.    Reasonable attorney's fees and costs pursuant to 15 U.S.C. §

8   1681o(a)(2), from each and every Defendant named herein; and

9       3.    For such other and further relief as the Court may deem just and proper.

10  **On the FourthClaim For Relief**

11      1.    An award of actual damages pursuant to 15 U.S.C. § 1681n(a)(1);

12      2.    Punitive damages pursuant to § 1681n(a)(2);

13      3.    Reasonable attorney's fees and costs pursuant to 15 U.S.C. §

14  1681n(a)(3); and

15      4.    For such other and further relief as the Court may deem just and proper.

16  **On the Fifth Claim For Relief**

17      1.    An award of actual damages from each and every Defendant, jointly and

18  severally, for the emotional distress suffered as a result of the intentional and/or

19  negligent FDCPA, RFDCPA and FCRA violations and intentional and/or negligent

20  invasions of Plaintiff's privacy in an amount to be determined at trial; and

21      2.    For such other and further relief as the Court may deem just and proper.

22  **On the SixthClaim For Relief**

23      1.    Disgorgement and/or restitution of all sums received by Defendants from

24  their improper conduct;

25      2.    An injunction enjoining and restraining Defendants' improper conduct;

26  and

27      3.    For such other and further relief as the Court may deem just and proper.

28

13

VERIFIED COMPLAINT                                    Case No.

Dated: January 18, 2019                    **LAW OFFICES OF ELLIOTT H. STONE**

By: _____ /s/ Elliott H. Stone _____
Elliott H. Stone, Esq.
Stuart E. Cohen, Esq.
Attorney for Plaintiff ELLIOTT STONE

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby requests trial by jury.

Dated: January 18, 2019                    **LAW OFFICES OF ELLIOTT H. STONE**

By: _____ /s/ Elliott H. Stone _____
Elliott H. Stone, Esq.
Stuart E. Cohen, Esq.
Attorney for Plaintiff ELLIOTT STONE

14

VERIFIED COMPLAINT                                                    Case No.

## VERIFICATION

I, ELLIOTT STONE, declare as follows:

1.     I am the Plaintiff in this civil proceeding against the above captioned Defendants.

2.     I have read the above-entitled civil Complaint and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.

3.     I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.

4.     I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant, cause unnecessary delay to any Defendant, or create a needless increase in the cost of litigation to any Defendant, named in the Complaint.

5.     I have filed this civil Complaint in good faith and solely for the purposes set forth in it.

I declare under penalty of perjury under the law of the United States of America that the foregoing is true and correct.

Executed this 18th Day of January 2019, at Woodland Hills, California.


_____/s/ Elliott Stone_____
Elliott Stone

VERIFIED COMPLAINT                                                    Case No.